OPINION
{¶ 1} On November 3, 2004, appellant, John Thompkins, was arraigned on misdemeanor traffic charges and three felony charges (Municipal Court Case No. 04CRA02412). On the misdemeanor charges, appellant was released on his own recognizance. On the felony charges, appellant was ordered to post a $50,000 cash or surety bond which he was unable to do. Appellant was placed in jail.
 {¶ 2} The felony charges were dismissed on November 12, 2004. However, the bond remained in place and appellant remained in jail until February 2, 2005.
 {¶ 3} On April 1, 2005, the Fairfield County Grand Jury indicted appellant on the same three felony counts as in Municipal Court Case No. 04CRA02412, one count of possession of crack cocaine in violation of R.C. 2925.11, one count of trafficking in cocaine in violation of R.C. 2925.03 and one count of escape in violation of R.C. 2921.34 (Case No. 05CR116).
 {¶ 4} On April 19, 2005, appellant filed a motion to dismiss the charges, claiming violations of the speedy trial statute, R.C. 2945.71, as he had previously been incarcerated for ninety-three days. A hearing was held on May 13, 2005. By journal entry filed July 5, 2005, the trial court denied said motion.
 {¶ 5} On August 5, 2005, appellant pled no contest to the trafficking in cocaine count. The remaining two counts were dismissed. The trial court found appellant guilty and by judgment entry of sentence filed August 22, 2005, sentenced appellant to three years in prison.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 7} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO DISMISS."
 I {¶ 8} Appellant claims the trial court erred in denying his motion to dismiss based upon a violation of R.C. 2945.71(E). We disagree.
 {¶ 9} R.C. 2945.71 governs time within which hearing or trial must be held. Specifically, subsection (E) states, "For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section."
 {¶ 10} In its journal entry of July 5, 2005, the trial court denied appellant's motion to dismiss, concluding appellant's incarceration from November 12, 2004 to February 1, 2005 should not be held against the state for the following reasons:
 {¶ 11} "The evidence showed that the Defendant was being held on misdemeanor charges. The preliminary hearing did not take place in the Fairfield County Municipal Court on November 12, 2005 since the felony charges against the defendant had been dismissed. * * * Although the Defendant was granted recognizance bonds on the misdemeanor charges, the Defendant, for an unknown reason or reasons, was never released from jail on the misdemeanor charges."
 {¶ 12} The facts cited by the trial court are not in dispute and are supported by the record. T. at 9, 13, 22, 40.
 {¶ 13} This case presents an unusual set of circumstances initiated by what appears to be a clerical error in not releasing appellant on the misdemeanor bond once the felony charges had been dismissed.
 {¶ 14} The sole issue is whether appellant's detention on the three traffic misdemeanor offenses "arose out of the same act or transaction" as the felony charges pursuant to R.C. 2945.71(D) which states the following:
 {¶ 15} "A person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged, as determined under divisions (A), (B), and (C) of this section."
 {¶ 16} If the misdemeanor charges arose out of the same act or transaction, the time from November 12, 2004 to February 1, 2005 would not be tolled and would be counted against the state.
 {¶ 17} In Municipal Court Case No. 04CRA02412, the three misdemeanor traffic offenses included driving under suspension, failure to use a turn signal and failure to comply. T. at 20. The felonies charged were the same offenses sub judice.
 {¶ 18} State's Exhibit No. 10 is the arrest supplement and it details appellant's arrest. Appellant's stop and arrest on November 2, 2004 gave rise to the filing of both the misdemeanor and felony charges. After appellant was stopped for the traffic violations, he fled and was pursued by the arresting officer. During his physical arrest and pat down, cocaine was discovered as incident to his arrest.
 {¶ 19} Based upon these facts, we find the provisions of R.C.2945.71(D) do not apply. Although both the misdemeanor and felony arrests occurred at the same time, the offenses did not. Driving a vehicle under suspension, failing to obey the rules of the road and failing to obey a command of an officer are not the same "act or transaction" as escape, possession of cocaine and trafficking in cocaine. The misdemeanor offenses were traffic violations which occurred prior to the felony offenses.
 {¶ 20} Upon review, we find the trial court did not err in denying appellant's motion to dismiss.
 {¶ 21} The sole assignment of error is denied.
 {¶ 22} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.